UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANGELA TORGERSON, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Insurance Company, and Does I-X, inclusive,<br><br>Defendants. | Case No. 3:21-cv-00452-LRH-CSD<br><br>ORDER |

Before the Court is an objection (ECF No. 59), in which oral argument was requested, by Plaintiff Angela Torgerson ("Plaintiff") to a ruling from the bench (ECF No. 52) by United States Magistrate Judge Craig S. Denney. Judge Denney's oral ruling addressed a discovery dispute between Plaintiff and Defendant State Farm Mutual Automobile Insurance Company ("State Farm" or "Defendant"). After Plaintiff objected to Judge Denney's ruling, Defendant opposed (ECF No. 65) and Plaintiff replied (ECF No. 68). The Court denies Plaintiff's request for oral argument. For the reasons contained within this Order, the Court overrules Plaintiff's objection (ECF No. 59).

**I.    BACKGROUND**

This matter involves Plaintiff's insurance claim for underinsured motor vehicle ("UIM") benefits denied by Defendant. In October of 2019, Plaintiff was involved in an automobile accident. ECF No. 59 at 3. In October of 2020, she underwent spinal fusion surgery on her C5-C6 and C-6-C7 vertebral levels.[1] *Id.* That same month, Plaintiff presented a UIM claim to State Farm

---

[1] Plaintiff's "doctor, James Rappaport, M.D., [] expressed his opinion that the need for surgery was necessitated by injuries sustained in the accident." *See id.* (citing ECF No. 59-1 at 1-2, ¶ 3).

1

after the liable driver's policy limit did not entirely cover Plaintiff's medical expenses. ECF No. 65 at 3, 22-31. Upon receiving Plaintiff's UIM claim, a State Farm team manager and a claim specialist began a record review. *Id.* at 3-4, 27. Accordingly, the claim specialist selected Emerson Law Group from a panel of law firms and sought its assistance with obtaining a medical expert. *Id.* at 4, 27.

In January of 2021, Emerson Law Group sent a retention letter to Dr. Lee that provided copies of all of Plaintiff's relevant medical records and requested his assistance with a record review. *Id.* at 4, 33-34. On March 17, 2021, Emerson Law Group notified Plaintiff in a letter that State Farm was denying her UIM claim based upon the mechanism of impact and Dr. Lee's record review, which resulted in a finding that Plaintiff's surgery did not relate to the subject accident. ECF No. 59-2 at 2. Plaintiff commenced a lawsuit against Defendant, asserting claims for breach of contract, breach of the covenant of good faith and fair dealing, and violation of the Nevada Unfair Claims Practices Act. ECF No. 59. At the core of Plaintiff's allegations against Defendant is a contention that State Farm denied her UIM claim in bad faith.

On April 24, 2023, Plaintiff served deposition subpoenas on the two attorneys, Mr. Emerson and Ms. Molley, from Emerson Law Group who assisted State Farm with its record review. ECF No. 45 at 15-25. The subpoenas also compelled the attorneys to produce all correspondence related to Plaintiff's claim with any representative of State Farm or Dr. Lee, including notes and memoranda, and materials related to billing the matter. ECF No. 45 at 15-25. On May 5, 2023, Defendant filed a motion requesting that Judge Denney quash the subpoenas and issue a corresponding protective order. ECF No. 45. Defendant argued that both the attorney-client privilege as well as the work-product privilege precluded the examination of State Farm's attorneys, especially when less intrusive means existed to obtain any information Plaintiff was entitled to receive, such as State Farm's claim file or the testimony of State Farm employees as well as Dr. Lee. *Id.* at 5. In response, Plaintiff argued that the attorney-client privilege did not apply because Defendant's attorneys were acting more as insurance adjusters than attorneys and the only way to determine their true role would be to question them directly. ECF No. 50 at 2, 5.

///

On June 1, 2023, Judge Denney held a hearing on the matter and granted Defendant's request to quash the relevant subpoenas and to issue a protective order prohibiting any further attempts by Plaintiff to depose Defendant's counsel with Emerson Law Group. ECF No. 52. As a factual matter, Judge Denney determined that there was insufficient evidence to indicate that Emerson Law Group was hired in some type of claims adjuster role. ECF No. 54 at 13:4-11. To determine whether State Farm waived the attorney-client privilege, Judge Denney applied the test set forth in *Hearn v. Rhay*, 68 F.R.D. 574 (E.D. Wash. 1975) (the "*Hearn* test"). *Id.* at 12:16-23; 14:5-13. He concluded that Plaintiff failed to make a substantial showing of merit with respect to her contention that State Farm denied her UIM claim in bad faith. *Id.*

## II.    LEGAL STANDARD

Magistrate judges are authorized to resolve pretrial matters subject to district court review.[2] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR IB 3-1(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "The clearly erroneous standard applies to the magistrate judge's factual findings . . . ." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007) (internal citation omitted). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "[T]he contrary to law standard applies to the magistrate judge's legal conclusions, which are reviewed de novo." *Columbia Pictures, Inc.*, 245 F.R.D. at 446 (internal citation omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. County of Kern*, 767 F.Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (internal quotation marks and citation omitted).[3]

---

[2]  The parties appear to misunderstand the applicable standards of review when a district court addresses an objection to a magistrate judge's order. *See* ECF No 59 at 5 (requesting that the Court broadly apply a de novo standard of review to Judge Denney's entire ruling). The Court takes this opportunity to explain the different standards of review and when the standard applies to an objection.

[3]  Although not relevant here, it is worth pointing out that when reviewing some discovery disputes, such as disputes that concern issues of relevancy, the magistrate judge is afforded broad discretion and will be overruled only if that discretion is abused. *See Columbia Pictures, Inc.*, 245 F.R.D. at 446 (citing *Geophyical Sys. Corp. v. Raytheon Co., Inc.*, 117 F.R.D. 646, 647 (C.D. Cal. 1987)

## III. DISCUSSION

Plaintiff raises the following four objections: (1) Emerson Law Group and its attorneys acted in some type of claims adjuster role more than an attorney role; (2) Judge Denney should have applied a method of determining whether State Farm waived the attorney-client privilege other than the *Hearn* test; (3) even under the *Hearn* test, Plaintiff overcame the attorney-client privilege; and (4) Plaintiff made a substantial showing of merit with respect to her contention that State Farm denied her UIM claim in bad faith. ECF No. 59 at 7, 12-13. The Court will not set aside any part of Judge Denney's ruling because no part is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a).

### A. Judge Denney's ruling is not clearly erroneous.

Plaintiff's first objection pertains to Judge Denney's factual determination that there was insufficient evidence to indicate that Emerson Law Group was hired in some type of claims adjuster role. In her objection, Plaintiff continues to argue that Emerson Law Group and its attorneys acted as analysts in connection with the claim akin to insurance adjusters. ECF No. 59 at 7. However, Plaintiff's unsupported arguments, such as her argument that Defendant's attorneys acted as insurance adjusters because "they surely provided input and insights as to how the claim should be resolved," do not demonstrate that Judge Denney's factual determination is clearly erroneous. *See id.*

Judge Denney determined that there was insufficient evidence to indicate that Emerson Law Group was hired in some type of claims adjuster role, but rather "[i]t appear[ed] that they were hired in an attorney's role, and they obtained an orthopedic surgeon to do the record review and provide an opinion that ultimately was provided to plaintiff on denial of the uninsured motorist claim that was filed." ECF No. 54 at 13:4-11. Judge Denney's determination is well supported by the record. In November of 2022, while being deposed by Plaintiff, the State Farm claim specialist who handled Plaintiff's claim testified that State Farm made the decision to deny Plaintiff's UIM

---

(explaining that, during discovery, when a party objects to a magistrate judge's determination concerning relevancy, then the standard of review is abuse of discretion) (other internal citation omitted)). An abuse of discretion occurs when the judge "reaches a result that is illogical, implausible, or without support in the inferences that may be drawn from the record." *Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir. 2010) (internal citation omitted).

claim as opposed to an attorney at Emerson Law Group. ECF No. 65 at 37. Before issuing his ruling, Judge Denney noted that the State Farm team managers and claim specialist who worked on Plaintiff's UMI claim testified that they had no prior dealings with Emerson Law Group or Dr. Lee. *Id.* at 10:15-25; 12:1-13; 13:25; 14:1-4.

He also inquired as to whether Plaintiff was able to depose Dr. Lee and question him concerning Emerson Law Group and the manner Dr. Lee was engaged by State Farm as it related to her UIM claim. ECF No. 54 at 3:21-25; 4:1-7. Plaintiff's counsel confirmed that she was able to do so and stated that "he essentially testified that he was retained, in fact, by Emerson Law Group to conduct a record review of [Plaintiff's] medical records." *Id.* at 4:11-13. When Judge Denney directly asked Defendant's counsel what role Emerson Law Group was hired to fulfill, Defendant's counsel explained that Emerson Law Group was hired from a panel of law firms to retain a medical expert for a record review. *Id.* at 4:14-25; 6:1-20. Thus, this explanation that Emerson Law Group performed a limited role as a legal representative during the record review process rather than a claims adjuster is consistent throughout the testimony provided in the record.

This limited role as a legal representative is further substantiated by the retention letter sent from Emerson Law Group to Dr. Lee to conduct a record review on behalf of State Farm as well as the denial letter sent from Emerson Law Group to Plaintiff on behalf of State Farm, which begins with Emerson Law Group explicitly acknowledging, "As you know, I have been retained by State Farm . . . *to represent their interest* in the above entitled matter." ECF No. 65 at 4, 33-34; ECF No. 59-2 at 2 (emphasis added). Plaintiff even discussed the record review and Emerson Law Group with one of its attorneys as well as the State Farm claim specialist before Emerson Law Group sent the retention letter to Dr. Lee in January of 2021. ECF No. 65 at 4, 27. In sum, after carefully considering the entirety of the evidence before it, the Court is not "left with the definite and firm conviction that a mistake has been committed." *See U.S. Gypsum Co.*, 333 U.S. at 395. Thus, Judge Denney's factual determination that there was insufficient evidence to indicate that Emerson Law Group was hired in some type of claims adjuster role is not clearly erroneous. Accordingly, the Court will not set aside any part of Judge Denney's ruling because no part is clearly erroneous. *See* Fed. R. Civ. P. 72(a).

B.  Judge Denney's ruling is not contrary to law.

As a preliminary matter, it is necessary to explain the distinction between a plaintiff's right to discover the work product privilege and the attorney-client privilege in the context of the mental impressions of an insurer's claim adjuster compared to an insurer's attorney. The work product doctrine may not protect the mental impressions and opinions of an insurer's attorney when such information involves the insurer's opinion of the viability and value of the claim, and the plaintiff establishes that the information is not available elsewhere and "a compelling need for evidence." *Spargo v. State Farm Fire & Cas. Co.*, No. 2:16-cv-030306-APG-GWF, 2017 WL 2695292, at *3 (D. Nev. Jun. 22, 2017) (internal citations omitted). In her objection, Plaintiff devotes a considerable amount of argument to her attempt to establish a compelling need for deposing Defendant's attorneys with Emerson Law Group. *See* ECF No. 59 at 10-11. However, Judge Denney found that Emerson Law Group acted as attorneys for Defendant rather than claim adjusters, and this Court determined that his ruling is not clearly erroneous. This distinction is important. While the work product privilege may not protect the mental impressions and opinions of an insurer's attorney being discovered in a bad faith action when the above-mentioned circumstances are present, discovery of the mental impressions and opinions of an insurer's attorney requires waiver of the attorney-client privilege. *See Spargo*, 2017 WL 2695292 at *3 (explaining that "although the work product doctrine may not protect the attorney's mental impression and opinions from being discovered in a bad faith action, they may still be protected under the attorney-client privilege"); *see also Wood v. Nautilus Ins. Co.*, No. 2:17-cv-02393-MMD-DJA, 2021 WL 5415330, at *4 (D. Nev. Nov. 18, 2021) (interpreting *Spargo* to require waiver of the attorney-client privilege in order to discover the mental impressions of an insurer's attorney). Thus, because Judge Denney concluded that Plaintiff was not entitled to depose Defendant's attorneys or obtain correspondence between State Farm representatives, including Dr. Lee, and Emerson Law Group, it matters not whether Plaintiff can establish a compelling need for deposing Defendant's attorneys with Emerson Law Group. The information sought would still be protected by attorney-client privilege.

///

     Turning to Plaintiff's last three objections, Plaintiff first argues that Judge Denney should have applied a method of determining whether State Farm waived the attorney-client privilege other than the *Hearn* test. ECF No. 59 at 7, 12. "In a federal action such as this based on diversity of citizenship jurisdiction, state law governs attorney-client privilege claims." *Kandel v. Brother Int'l Corp.*, 683 F. Supp. 2d 1076, 1081 (citing Fed. R. Evid. 501) (other internal citations omitted). "[A] federal district court sitting in diversity must attempt to predict how the state supreme court would rule [on a question presented] when it has not yet done so." *Wood*, 2021 WL 5415330 at *3 (citing *High Country Paving, Inc. v. United Fire & Cas. Co.*, 14 F.4th 976, 978 (9th Cir. 2021)). Because "the Nevada Supreme Court has not definitely ruled on when an insurer impliedly waives the attorney-client privilege in the bad faith context, this Court predicted in *Spargo* that the Nevada Supreme Court would adopt the *Hearn*" test. *Id.* at *2 (citing *Spargo*, 2017 WL 2695292, at *7).

     Here, Plaintiff argues that Judge Denney should have applied a method other than the *Hearn* test to determine whether State Farm impliedly waived the attorney-client privilege. ECF No. 59 at 11-12. But, in *Spargo*, this Court considered and rejected the method advanced by Plaintiff in favor of the *Hearn* test. 2017 WL 2695292, at *7. Thus, because the Court "will apply the *Hearn* test absent clearer guidance from the Nevada Supreme Court," Judge Denney's application of the *Hearn* test was not contrary to law. *See Wood*, 2021 WL 5415330 at *3.

     Finally, Plaintiff's last two objections each pertain to Judge Denney's legal conclusion that, under the *Hearn* test, Plaintiff failed to make a substantial showing of merit with respect to her contention that State Farm denied her UIM claim in bad faith. The Court addresses each objection in turn. Plaintiff argues that, under the *Hearn* test, she overcame the attorney-client privilege and made a substantial showing of merit with respect to her contention that State Farm denied her UIM claim in bad faith. ECF No. 59 at 7, 12-13.

     Under the *Hearn* test, the attorney-client privilege is impliedly waived "when (1) the assertion of the privilege was a result of some affirmative act, such as filing suit; (2) through this affirmative act, the asserting party puts the privileged information at issue; and (3) allowing the privilege would deny the opposing party access to information vital to its defense." *Hearn*, 68 F.R.D. at 581. The plaintiff must also make a substantial showing of merit to their case, i.e., the

plaintiff must show she has a reasonably viable bad faith claim. *Id.* at 582; *see also Wood*, 2021 WL 5415330 at *3. The Court has characterized the substantial showing of merit requirement as compelling the plaintiff to show she has a reasonably viable bad faith claim or make a *prima facie* case of bad faith before the insurer is required to disclose its attorney-client communications. *See Spargo*, 2017 WL 2695292, at *7; *City of Myrtle Beach v. United Nat'l Ins. Co.*, No. 4:08-1183-TLW-SVH, 2010 WL 3420044, at *7 (D.S.C. Aug. 27, 2010).

Here, Plaintiff's last two objections fail because Judge Denney did not misapply the *Hearn* test. *See Jadwin*, 767 F.Supp. 2d at1110-11. Applying the *Hearn* test, Judge Denney concluded that Plaintiff failed to make a substantial showing of merit with respect to her contention that State Farm denied her UIM claim in bad faith. ECF No. 54 at 12:16-23; 14:5-13. Based upon its review of the record, the Court finds no evidence to conclude that Judge Denney's conclusion is contrary to law. Because Plaintiff failed to make a substantial showing of merit, Judge Denney correctly concluded that the evidence did not support a finding that Defendant impliedly waived the attorney-client privilege regarding confidential communications with its counsel.

As an example of Plaintiff's unpersuasive argument, when Judge Denney asked Plaintiff what entitled her to depose the attorneys with Emerson Law Group despite attorney-client privilege, Plaintiff responded, in part, that State Farm hired attorneys with a focus toward representing insurance companies in insurance defense cases with a reputation for being "rather aggressive." ECF No. 54 at 6:22-25; 9:1-9. Similarly unpersuasive is the list of assertions Plaintiff provides in her objection in an attempt to demonstrate the merit of her claim. ECF No. 59 at 13. For example, Plaintiff points to the fact that the denial letter she received from Emerson Law Group did not identify Dr. Lee by name, include a copy of his report, or contrast Dr. Lee's report with Dr. Rappaport's opinion. *Id.* She further states that her expert witness will "detail the manner in which *State Farm* has acted in bad faith." *Id.* (emphasis added).

However, Plaintiff fails to provide requisite detail or connect her assertions to her underlying claim that Emerson Law Group was a central figure in State Farm denying her UIM claim in bad faith. Plaintiff's assertions do not demonstrate that Emerson Law Group recommended that State Farm deny Plaintiff's UIM claim, let alone that they recommended State

8

Farm do so in bad faith. Because Plaintiff has not made a sufficient showing regarding the merit of her bad faith claim to support a finding that Defendant impliedly waived the attorney-client privilege regarding confidential communications with its counsel, Emerson Law Group, the Court will not set aside any part of Judge Denney's ruling because no part is contrary to law. *See* Fed. R. Civ. P. 72(a).

**IV.   CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's objection (ECF No. 59) is OVERRULED. Judge Denney's order is affirmed.

IT IS SO ORDERED.

DATED this 16th day of October, 2023.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE