# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ANGELA TORGERSON,

    Plaintiff

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant

Case No.: 3:21-cv-00452-LRH-CSD

**Order**

Re: ECF No. 80

    Plaintiff has filed a motion regarding a discovery dispute between the parties related to the fourth and fifth supplemental expert reports of State Farm's medical expert Daniel Lee, M.D., and the second supplemental expert report of State Farm's claims handling expert Howard L. Passin. Plaintiff contends that the supplemental reports are not in fact supplements to previous disclosures, but the reports are instead efforts to include new expert opinions and augment previously disclosed opinions after the discovery deadline and reference supporting documents that were available before the discovery cutoff. As such, Plaintiff moves to strike the newly rendered opinions as well as the supporting documents identified in the reports.

    The court will issue a separate order setting this motion for a hearing. However, in the interim, the parties are ordered to further meet and confer regarding these issues in an effort to try to resolve, or at the least, narrow their dispute. This meet and confer shall include a discussion about what opinions Plaintiff contends are "new" or improperly augment prior opinions and, as such, are not the proper subject of a supplemental report. They shall further discuss what records Plaintiff contends were improperly considered in the supplemental reports in light of the explanations provided in State Farm's response, and how Plaintiff is prejudiced by

their inclusion and discussion in the supplemental reports. The parties shall also meet and confer regarding the revision of Dr. Lee's supplemental report which discusses the opinions of the claims handling experts, which State Farm admits are not within the scope of his expertise.

At least **five days before the hearing**, the parties shall file a joint statement describing the results of their meet and confer. For any areas which remain in dispute, the parties shall outline their respective positions. The joint statement is limited to **five pages**, exclusive of exhibits. If there remains a dispute as to whether any portion of the supplemental reports constitutes a new opinion or that which improperly seeks to augment a prior opinion or improperly references documents in State Farm's possession before the discovery cutoff, the parties shall identify such statement and provide an explanation concerning their respective positions. This may require the parties to provide the court with the *relevant portio*ns of prior expert reports or supplemental reports by Dr. Daniel Lee, Dr. James Rappaport, Jeffrey Stempel, or Howard Passin.

**IT IS SO ORDERED**.

Dated: January 19, 2024

_____
Craig S. Denney
United States Magistrate Judge